IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIANE RESTANI,                              ) Case No. 09-3465 SC
                                            )
         Plaintiff,                         ) ORDER GRANTING DEFENDANTS'
                                            ) MOTION FOR SUMMARY JUDGMENT
   v.                                       )
                                            )
UAL CORPORATION; UNITED AIR LINES,          )
INC.,                                       )
                                            )
         Defendants.                        )
                                            )

Diane Restani ("Restani") has filed a petition to set aside an arbitration award that found her discharge as an employee of United Air Lines, Inc., to be "just and proper." Docket No. 1 ("Petition"). United Air Lines, Inc., and its parent company UAL Corporation (collectively, "UAL") have filed a Motion for Summary Judgment ("Motion"). Docket No. 12. Restani has filed an Opposition, Docket No. 21, and UAL has submitted a Reply, Docket No. 27. Having considered the papers submitted by both parties, the Court concludes that this matter is suitable for decision without oral argument. The Court hereby GRANTS UAL's Motion and DENIES Restani's Petition for the reasons stated below.

Restani was employed by UAL as a storekeeper, and was a member of the International Association of Machinists and Aerospace Workers, District Lodge 141 ("Union"). Pet. ¶¶ 2-4. Her employment was therefore governed by a Collective Bargaining Agreement between the Union and UAL. Id. ¶ 3; Rosinia Decl. Ex. A

("CBA").[1]  The CBA requires grievances be resolved by final and binding arbitration before the Systems Board of Adjustment ("SBA") in accordance with the Railway Labor Act ("RLA").  See CBA art. XVIII.H, at 52-55.

Restani's employment was terminated after UAL concluded that she had attempted to defraud the company by seeking reimbursement for a pair of safety shoes after she had apparently returned the shoes to the store at which she purchased them.  See Pet. Ex. 1 ("SBA Opinion") at 5-6.  The Union claimed that her discharge was not "just and proper," and pursued the grievance procedure outlined in the CBA.  Id.  The Union claimed that UAL denied Restani her contractual right to Union representation during the investigation for fraud, that Restani had been singled out, and that UAL lacked just cause for the termination.  Id. at 9-16.  The SBA arbitrator issued a sixteen-page opinion concluding that Restani's termination had been just and proper.  Id. at 16.  Restani now claims that the arbitrator's decision was "based on manifest disregard for the law."  Pet. ¶ 9.

The RLA distinguishes between disputes that seek to create contractual rights ("major disputes") and those that seek to enforce them ("minor disputes").  Consol. Rail Corp. v. Ry. Labor Executives' Ass'n, 491 U.S. 299, 302 (1989).  In other words, a dispute is deemed "minor" if it grows "out of grievances or out of

---

[1] Richard Rosinia, Senior Staff Advisor - Arbitration for UAL, submitted two declarations in support of the Motion.  Docket Nos. 13, 24.  The two declarations appear to be identical except that the second declaration was submitted in a text-searchable format. The Court notes that Restani has objected to UAL's submission of the CBA, Docket No. 20, but finds no basis for the objection.  The CBA submitted by UAL appears to be complete, and as Senior Staff Advisor for Arbitrations, Rosinia is in a good position to authenticate the document.  Restani's objection is OVERRULED.

the interpretation or application of agreements concerning rates of pay, rules, or working conditions."[2] Id. at 303. Minor disputes are subject to compulsory and binding arbitration before the SBA, which has exclusive jurisdiction over the dispute, and operates according to procedures that can be set out by a CBA. See id.; Mitchell v. Cont'l Airlines, Inc., 481 F.3d 225, 230-31 (5th Cir. 2007). As the Ninth Circuit has stated,

> The scope of judicial review of adjustment board awards under the RLA is among the narrowest known to the law. The RLA allows courts to review adjustment board decisions on three specific grounds: (1) failure of the board to comply with the RLA; (2) failure of the board to conform, or confine itself to matters with[in] its jurisdiction; and (3) fraud or corruption.

English v. Burlington N. R.R., 18 F.3d 741 (9th Cir. 1994) (citations and internal quotation marks omitted); see also Mitchell, 481 F.3d at 231 ("Absent one of these grounds, an adjustment board's findings and orders are binding and conclusive as to the parties.").

Restani claims that the Ninth Circuit has recently added

---

[2] Contrary to Restani's contention, Opp'n at 5, this distinction is not based on the price of the shoes for which she is alleged to have sought reimbursement. Restani misreads the holding of Consolidated Rail, which noted that the framework for distinguishing between major and minor disputes may in some instances allow the party that initiates the dispute the power to frame the dispute as either type. 491 U.S. at 305. It recognized the "danger in leaving the characterization of the dispute solely in the hands of one party." Id. It therefore allowed courts to reject the initiating party's characterization where its position is founded on "insubstantial grounds." Restani seems to suggest that because the shoes in question were not expensive, this is a minor dispute. Opp'n at 5. While her rationale is incorrect, she is correct that this represents a minor dispute under the RLA framework. There is no question that this dispute rests solely on the interpretation and application of an existing contract. The Court rejects as baseless Restani's argument that this classification deprives the arbitrator of jurisdiction. Opp'n at 5.

another basis for reviewing an arbitrator's award: "manifest disregard for the law." Opp'n at 2. Restani cites <u>Comedy Club, Inc. v. Improve West Assocs.</u>, 553 F.3d 1277 (9th Cir. 2009). Even though this decision addressed only the standard for reviewing an arbitrator's award under the Federal Arbitration Act -- as opposed to the RLA -- the Court will assume, arguendo, that it can review the arbitrator's award for manifest disregard of the law. The Court makes this assumption because "manifest disregard" is the basis for the only substantial argument offered by Restani, and it can be quickly dismissed.

Restani argues that the arbitration award was granted in manifest disregard for the law because her attempted fraud was not "material." Opp'n at 2-4. She cites California case law that references the elements of fraud, which include the misrepresentation or suppression of a "material fact." <u>Id.</u> at 3. She then claims that "two pairs of $92.01 shoes are not material under California law." <u>Id.</u> This argument is specious on its face. Under the law that Restani cites, the term "material" clearly refers to the centrality of the facts contained in a misrepresentation or omission, with respect to the purpose of the communication. <u>See</u> <u>Melanson v. United Airlines</u>, 931 F.2d 558, 563 (9th Cir. 1991). This does not suggest that an act of fraud is any less an act of fraud simply because the amount at issue was small. That the shoes cost only $92.01 is irrelevant. The arbitrator had ample legal basis to conclude, based on uncontested evidence, that Restani "fraudulently submitted receipts to the company for a pair of work shoes she had purchased and then returned." SBA Opinion at 16. Even assuming that this Court could overturn the arbitrator's

4

decision for manifest disregard of the law, there would be no basis for doing so.

Restani also claims that the United Rules of Conduct only permit discharge in the absence of mitigating factors, and she faults the arbitrator for not sufficiently considering mitigating factors presented by her case.[3] Opp'n at 4. She claims that her long history of employment and otherwise clean disciplinary record serve as mitigating factors. Id. The Court notes that the arbitrator clearly considered these factors. The arbitrator noted these factors in his Opinion, and concluded that "they are not sufficient to overcome the seriousness of [Restani's] conduct." SBA Opinion at 16. Moreover, it was the proper role of the arbitrator to interpret this Rule of Conduct, and this Court may not second guess the arbitrator. See United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("[T]he parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract.").

For the foregoing reasons, this Court GRANTS UAL's Motion and DENIES Restani's Petition.

IT IS SO ORDERED.

Dated: October 19, 2009

*[signature]*

UNITED STATES DISTRICT JUDGE

---

[3] The entirety of the United Rules of Conduct is not before the Court. However the relevant provision was cited by the arbitrator. Restani was terminated for violating Rule of Conduct # 18, which reads as follows: "Violations of one or more of the following rules will result in discharge unless mitigating factors are considered applicable: . . . 18. Defrauding or attempting to defraud the Company." SBA Opinion at 7.

5